Filed 10/2/14  P. v. Abedelal CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>OMAR HUSSEIN ABEDELAL,<br><br>        Defendant and Appellant. | A141089<br><br>(Napa County<br>Super. Ct. No. CR168050) |

Omar Hussein Abedelal (appellant) appeals from his convictions and resulting sentence following his no-contest plea to one count of second degree robbery (Pen. Code, § 211)[1], and his admission to several sentencing enhancements for which he received a negotiated state prison aggregate sentence of 12 years.

Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and *Anders v. California* (1967) 386 U.S. 738.  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

We note that appellant has not obtained a certificate of probable cause, which is required by Penal Code section 1237.5 when a defendant seeks to appeal from a

---

[1]  All further undesignated references are to the Penal Code.

judgment entered following a guilty or no contest plea. A certificate is not required when the notice of appeal and amended notice of appeal state, as appellant's do here, that the appeal is based upon the sentence or other matters occurring after the plea that do not affect the validity of the plea. Accordingly, we have reviewed the entire record pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, focusing upon grounds for appeal arising after entry of the plea. Having done so, we conclude that there is no arguable issue on appeal.

### Procedural and Material Factual Background of Case

A seven-count felony information was filed by the Napa County District Attorney's Office on November 6, 2013, charging appellant with two separate counts of second degree robbery (§ 211), one count of second degree commercial burglary (§ 459), one count of receiving stolen property (§ 496, subd. (a)), two counts of petty theft with priors (§ 666), and one count of being a felon in possession of a firearm, within the meaning of section 29800, subdivision (a)(1). The information also alleged numerous special allegations and sentencing enhancements, including three that are material to this appeal: an allegation that appellant had served a prior prison term, within the meaning of section 667.5, subdivision (b), that he had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and that he had suffered a prior strike conviction within the meaning of section 1170.12, subdivisions (a)-(d).

On January 3, 2014, the court met with appellant and his counsel, and a motion for new counsel, pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), was heard. The motion was denied by the trial court. We discern no abuse of discretion in denying the motion.

On January 6, 2014, appellant entered a negotiated plea with the prosecution. By this negotiated plea, appellant pleaded no contest to one count of second degree robbery (§ 211). He also admitted a prior conviction for a serious felony and a strike, and to having served a prior prison term for which he received a negotiated state prison aggregate sentence of 12 years. Appellant also agreed that there was a factual basis for the plea, and the court referred the matter to the probation department for a presentence

report. When the plea was accepted in court, appellant was fully advised of the rights he was waiving by entering his plea. As part of the disposition the prosecution also agreed to dismiss the remaining counts and allegations.

Before sentencing could be held, appellant filed a second motion for new counsel, pursuant to *Marsden*, *supra*, 2 Cal.3d 118. At a hearing on February 19, 2014, the court relieved the public defender from further representation of appellant because of a conflict of interest, and referred the case to the Jefferson Law Center for appointment of conflict counsel. New counsel was appointed that same day.

Sentencing was held on March 19, 2014, and sentence was imposed consistent with the negotiated plea. Appellant was given a total of 178 days custody credit for time served. Restitution was reserved, while fines and penalties required by law were also imposed, along with other conditions.

### Conclusions Based Upon Independent Record Review

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. The denials of two post-sentencing requests for certificates of probable cause were supported by the facts and law.

We also discern no error in the plea disposition or in sentencing. The sentence appellant received, and the fines, penalties, and conditions imposed were supported by the law and facts. At all times appellant was represented by counsel.

### DISPOSITION

We affirm the judgment.

3

_____

RUVOLO, P. J.

We concur:


_____

REARDON, J.


_____

RIVERA, J.